UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-448-RJC
(3:10-cr-140-RJC-1)

| | |
|---|---|
| LAVONTA JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion to vacate will be dismissed.

I. BACKGROUND

On September 29, 2010, Petitioner Lavonta Jones pleaded guilty, without a written plea agreement, to possession of a firearm by a person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1). (Criminal Case No. 3:10-cr-140-RJC, Doc. No. 10: Acceptance and Entry of Guilty Plea). The Presentence Investigation Report ("PSR") identified Petitioner as subject to the Armed Career Criminal Act, which calls for a mandatory minimum prison sentence of fifteen years for any "person who violates section 922(g) and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). See (Id., Doc. No. 15 at 5: PSR).

Although Petitioner initially objected to the application of the Act, Petitioner withdrew

1

the objection during his sentencing hearing and agreed that "the statutory minimum for armed career criminal purposes of 180 months" was the appropriate basis for determining his sentence. See (Id., Doc. No. 17: Objection to PSR; Doc. No. 34 at 3-4: Sent. Hr'g Tr.). Both Petitioner's counsel and the Government recommended that this Court impose the mandatory minimum of fifteen years of imprisonment. (Id., Doc. No. 34 at 7; 10). On May 3, 2011, the Court sentenced Petitioner to fifteen years of imprisonment. (Id. at 10-11). This Court found that Petitioner was subject to the Armed Career Criminal Act based on several predicate convictions for violent crimes that Petitioner committed in 1999 and 2000. See (Id.). Specifically, Petitioner was convicted of (1) robbery with a dangerous weapon committed on October 25, 1999, during which he robbed the victim at gunpoint; (2) robbery with a dangerous weapon committed on January 10, 2000, at Backyard Burger; (3) common-law robbery committed on January 28, 2000, where he robbed multiple victims at gunpoint at Taco Bell; and (4) attempted robbery with a dangerous weapon committed on February 1, 2000, during which he threatened victims with a firearm at a Marriott hotel, and another robbery with a dangerous weapon occurring the same day, where victims were robbed at gunpoint at a Quality Inn & Suites. (Id., Doc. No. 18 at 7-9: Final PSR).

This Court entered judgment on May 11, 2011, and Petitioner filed a Notice of Appeal on May 13, 2011. (Id., Doc. No. 24: Judgment; Doc. No. 26: Notice of Appeal). Although Petitioner's motion to vacate suggests that he challenged the application of the Armed Career Criminal Act on appeal, the only issue raised on appeal was "[w]hether Jones's sentence was substantively reasonable." Brief of Appellant, United States v. Jones, No. 11-4528, 2011 WL 5006451, at *1 (4th Cir. Apr. 2, 2012). Furthermore, Petitioner's brief on appeal specifically states that Petitioner withdrew his objection to his designation as an Armed Career Criminal at his sentencing hearing. Id. at *5.

The Fourth Circuit Court of Appeals affirmed Petitioner's conviction on April 2, 2012. United States v. Jones, 476 Fed. App'x 548 (4th Cir. 2012). Petitioner did not file a petition for a writ of certiorari in the Supreme Court. More than one year later, on July 31, 2013, Petitioner placed the instant motion to vacate in the prison mail system, and the motion was stamp-filed in this Court on August 5, 2013. As his sole ground for relief, Petitioner contends that because he received a single, consolidated sentence for four earlier convictions for offenses that he committed in 1999 and 2000, this Court erred by concluding that Petitioner had three previous convictions under the Armed Career Criminal Act and by sentencing him to a mandatory minimum sentence of fifteen years.

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

3

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, as noted, the Fourth Circuit affirmed Petitioner's conviction on April 2, 2012, and he did not file a petition for certiorari review with the Supreme Court. His conviction, therefore, became final on July 1, 2012. See Clay v. United States, 537 U.S. 522, 527 (2003). Because Petitioner did not file his motion to vacate until July 31, 2013, his motion is untimely under Section 2255(f)(1).

Petitioner concedes that he did not file the Section 2255 petition within one year of the date on which his conviction became final. Petitioner contends, however, that his motion is timely under 28 U.S.C. § 2255(f)(3), in light of Descamps v. United States, 133 S. Ct. 2276 (2013), and Alleyne v. United States, 133 S. Ct. 2151 (2013). Petitioner's timeliness argument fails because neither of these decisions initially recognized a right that Petitioner asserts, as Section 2255(f)(3) requires.[1] Descamps addressed a component of the definition of "violent felony" under the Armed Career Criminal Act and held that an offense defined by "an 'indivisible' statute--i.e., one

---

[1] In any event, neither Alleyne nor Descamps has been made retroactive on collateral review. See United States v. Stewart, 540 F. App'x 171, 172 (4th Cir. 2013) (Alleyne); Baker v. Zych, Civil Action No. 7:13cv512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014) (collecting cases holding that Descamps is not retroactive on collateral review).

4

not containing alternative elements"—is not "burglary, arson, or extortion" under the Act unless "the statute's elements are the same as, or narrower than, those of the generic offense." 133 S. Ct. at 2281. Alleyne held that "any fact that increases the mandatory minimum" sentence for an offense "is an 'element' that must be submitted to the jury," except the kind of fact that affected Petitioner's sentence under the Armed Career Criminal Act, "the fact of a prior conviction." 133 S. Ct. 2151, 2155, 2160 n.1 (citing Almendarez-Torres v. United States, 524 U.S. 224 (1998)). Petitioner does not challenge either the determination that his prior convictions were violent felonies under the Armed Career Criminal Act or the identity of the factfinder. Instead, he challenges only the conclusion that he had "three previous convictions" under the statute, 18 U.S.C. § 924(e)(1), asserting that he did not because he received a consolidated sentence for multiple convictions. This issue was not addressed by either Descamps or Alleyne, and Section 2255(f)(3), therefore, does not apply to render the petition timely. In sum, Petitioner's motion to vacate is untimely.

In addition to being untimely, Petitioner's ground for relief is procedurally defaulted because he did not raise the claim on direct appeal, and Petitioner has not shown cause and actual prejudice to excuse the default.[2] See United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) ("In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains.") (quoting United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)).

---

[2] Petitioner does not purport to identify any cause for his failure to pursue his argument earlier, nor could he, as Petitioner affirmatively withdrew his objection to this Court's application of the Armed Career Criminal Act.

5

Finally, even if the petition were timely and if Petitioner's claim were not procedurally barred, the petition would still be subject to dismissal on the merits. As noted, Petitioner argues that this Court erred by concluding that the different convictions that he received for offenses that occurred on different dates do not count as multiple convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because Petitioner received a single, consolidated sentence for those convictions. As the Fourth Circuit has explained, however, "[n]othing in § 924(e) or the Guidelines suggests that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses." United States v. Samuels, 970 F.2d 1312, 1316 (4th Cir. 1992). Under the plain language of the statute, "[t]he only requirement is that the predicate offenses be 'committed on occasions different from one another.'" Id. (quoting 18 U.S.C. § 924(e)(1)). Petitioner's offenses, committed on October 25, 1999; January 10, 2000; January 28, 2000; and February 1, 2000, respectively, meet this standard. See id. Moreover, Petitioner's reliance on United States v. Davis, 720 F.3d 215 (4th Cir. 2013), is misplaced, as that decision interpreted the career-offender provision of the United States Sentencing Guidelines, which applies when, among other things, a defendant has at least "two prior felony convictions," a term of art defined by the Guidelines. U.S.S.G. §§ 4B1.1(a), 4B1.2(c). The Fourth Circuit held in Davis that multiple felony convictions for which a defendant has received a single consolidated sentence under North Carolina law ordinarily do not qualify as "two prior felony convictions" under Section 4B1.2(c) of the Guidelines because the language defining that term requires "more than one prior sentence for the enhancement to apply." 720 F.3d at 221. As the Fourth Circuit explained in Samuels, however, no comparable requirement of multiple sentences exists in the Armed Career Criminal Act, under which Petitioner was sentenced. 970 F.2d at 1316. Indeed, the Fourth Circuit has specifically rejected the argument that Davis applies to the Armed Career

Criminal Act. United States v. Benn, No. 12-4522, 2014 WL 2109806, at *12 (4th Cir. May 21, 2014) ("Davis . . . does not apply to the armed career criminal context.").

In sum, for the reasons stated herein, the petition shall be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion to vacate is dismissed with prejudice.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 1), is dismissed with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Robert J. Conrad, Jr.
United States District Judge