IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00526-RJC
(3:10-cr-00140-RJC-1)

| | |
|---|---|
| LAVONTA JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On September 29, 2010, Petitioner pleaded guilty without benefit of a plea agreement to one count of being a felon-in-possession of firearm, in violation of 18 U.S.C. § 922(g)(1). (3:10-cr-00140, Doc. No. 10: Acceptance and Entry of Guilty Plea). After considering Petitioner's criminal history, the Court found that Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e), based on at least three convictions for violent felonies as defined under § 924(e)(2)(B). Petitioner was sentenced to the mandatory minimum term of 180-months' imprisonment. (Id., Doc. No. 18: Presentence Report ¶ 15; Doc. 24: Judgment). Petitioner's judgment was affirmed on appeal. See United States v. Jones, 476 F. App'x 548 (4th Cir. 2012) (unpublished).

In August 2013, Petitioner filed a pro se § 2255 Motion to Vacate in which he raised a

claim that his trial counsel was ineffective in failing to challenge prior convictions that were relied upon by this Court to enhance his sentence pursuant to § 924(e). The Court found that Petitioner's § 22555 motion was untimely, and that in any event, the claim raised by Petitioner was without merit. On December 8, 2015, the § 2255 motion was dismissed and Petitioner did not appeal. (3:13-cv-00448-RJC, Doc. No. 9: Order).

In the present § 2255 Motion to Vacate, Petitioner contends that he is entitled to relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional. (3:16-cv-00526, Doc. No. 1).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence

2

> that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As § 2244 plainly demonstrates, the Circuit Court must grant authorization to file a successive § 2255 motion and Petitioner has offered no evidence that he has obtained the necessary authorization. Consequently, this Court is without jurisdiction to consider Petitioner's present claim for relief, and the motion will therefore be dismissed. See Burton v. Stewart, 549 U.S. 147, 152-153 (2007).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate is **DISMISSED WITHOUT PREJUDICE** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: July 26, 2016

Robert J. Conrad, Jr.
United States District Judge