IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00053-RJC
(3:10-cr-00140-RJC-1)

| | |
|---|---|
| LAVONTA JONES, ) </br> ) </br> Petitioner, ) </br> ) </br> v. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I.  BACKGROUND

On September 29, 2010, Petitioner pleaded guilty without benefit of a plea agreement to one count of being a felon-in-possession of firearm, in violation of 18 U.S.C. § 922(g)(1). (3:10-cr-00140, Doc. No. 10: Acceptance and Entry of Guilty Plea). After considering Petitioner's criminal history as detailed in his Presentence Report, the Court found that Petitioner qualified as an armed career criminal (ACC) pursuant to 18 U.S.C. § 924(e), and Petitioner was sentenced to the mandatory minimum term of 180-months' imprisonment. (Id., Doc. No. 18: Presentence Report ¶ 21; Doc. 24: Judgment).[1] Petitioner's judgment was affirmed on appeal. See United States v. Jones, 476 F. App'x 548 (4th Cir. 2012) (unpublished). Petitioner did not seek review

---

[1] The ACC designation was supported by, among other convictions, three counts of robbery with a dangerous weapon which he sustained in North Carolina state court.

1

by the Supreme Court.

In the present § 2255 Motion to Vacate, Petitioner contends that he is entitled to relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was void for vagueness and therefore unconstitutional. (3:17-cv-00053, Doc. No. 1: Motion to Vacate).[2]

II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by

---

[2] On April 18, 2016, the Supreme Court filed an opinion in which they held that the ruling in Johnson applied retroactively to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257 (2016).

> the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in 2012, and his present § 2255 motion to vacate was mailed on February 2, 2017, and docketed in this Court five days later. Although Petitioner does not cite the Supreme Court's Welch opinion, it appears that he contends that his § 2255 motion to vacate is timely because it was filed within one year from the date the Welch opinion was filed. However, the relevant inquiry when considering the timeliness of a petition under § 2255(f)(3) is the date the Supreme Court recognized the new right and not the date the right was made retroactive. See United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012) (citing Dodd v. United States, 545 U.S. 353, 357-58 (2005)). The Johnson decision was filed on June 26, 2015, therefore Petitioner's motion to vacate is clearly untimely. Nevertheless, the motion is without merit in any event because Petitioner's three convictions for robbery with a dangerous weapon still qualify as violent felonies. See United States v. Smith, 638 F. App'x 216, 219 (4th Cir.) (unpublished), cert. denied, 137 S. Ct. 113 (2016).

For the reasons stated herein, Petitioner's motion to vacate will be dismissed.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: February 14, 2017

Robert J. Conrad, Jr.
United States District Judge